UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-380 |
| | ) |
| TRANS UNION LLC, EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC., | ) |
| EQUIFAX INFORMATION SERVICES, LLC | ) |
| and CONN APPLIANCES, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JAMES LEWIS ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendants, TRANS UNION LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and CONN APPLIANCES, INC. ("Conn") ("Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Austin, Travis County, Texas.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Texas, is a citizen of the state of Texas.

7. Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Texas, is a citizen of the state of Texas.

8. Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Texas, is a citizen of the state of Texas.

9. At all relevant times Defendants Trans Union, Experian and Equifax were each a "consumer reporting agency" as that term is defined by the FCRA.

10. Defendant Conn regularly conducts business throughout the United States and as a corporation that does business in the state of Texas, is a citizen of the state of Texas.

11. At all relevant times, Conn was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

12. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

13. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

14. Defendants Trans Union, Experian and Equifax have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

15. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: Conn.

16. The Conn account originated with Conn and was a result of identity theft.

17. On or about October 1, 2021, Plaintiff sent a letter to Equifax informing it of the inaccurate reporting of the trade-line.

18. On or about November 5, 2021, Plaintiff sent a letter to Experian and Trans Union informing them of the inaccurate reporting of the trade-line.

19. Plaintiff requested that Defendants correct the inaccurate trade-line.

20. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

21. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

22. On or around October 1, 2021, Plaintiff disputed the inaccurate information with Defendant Equifax by written communication to their representatives [and by following Defendant Equifax's established procedure for disputing consumer credit information].

23. On or around November 5, 2021, Plaintiff disputed the inaccurate information with Defendants Trans Union and Experian by written communication to their representatives

[and by following Defendants' Trans Union and Experian established procedure for disputing consumer credit information].

24. Plaintiff's dispute letter explained that he was the victim of identity theft, that he had never shopped at Conn's, that he was informed by Google and Citibank that his account had been hacked as a result of a data breach, that he filed an identity theft report with the Federal Trade Commission, and that he filed a report with the City of Austin Police.

25. Enclosed in Plaintiff's dispute letter was the police report number and the reference number for the Federal Trade Commission report.

26. At all times relevant, Conn also furnished information about the account to Plaintiff's credit file.

27. At all times relevant, Conn reported a $2,813.00 balance on the account to Plaintiff's credit file.

28. Upon information and belief, Defendants Trans Union, Experian and Equifax notified Conn of Plaintiff's dispute and the nature of the dispute.

29. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Trans Union, Experian and Equifax, Defendant Conn received notification from Defendants Trans Union, Experian and Equifax of Plaintiff's dispute and the nature of the dispute.

30. Upon information and belief, Defendants Trans Union, Experian and Equifax received the results of Defendant Conn's investigation as to Plaintiff's dispute.

31. Upon information and belief, Defendants Trans Union, Experian and Equifax updated the reporting of the account at issue solely based upon the information it received from Defendant Conn in response to Plaintiff's dispute.

32. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

33. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

34. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

36. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

37. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

38. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JAMES LEWIS, respectfully requests judgment be entered against Defendant, TRANS UNION LLC, for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

39. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e.  Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

41. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JAMES LEWIS, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

    a.  All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b.  Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e.  Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

43. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

44. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JAMES LEWIS, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT CONN APPLIANCES, INC. VIOLATED THE FAIR CREDIT REPORTING ACT

45. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

46. Defendant Conn violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

47. Conn's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a

result, Conn is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JAMES LEWIS, respectfully requests judgment be entered against Defendant, CONN APPLIANCES, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

DATED:  April 21, 2022                    RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    IL SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff